**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUG 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | : MISC. 07-325-GK |
| V. | : Criminal No. 04-543 (GK) |
| ROBBIE L. COLWELL | : |
| ALAN R. DAVIS, Petitioner | |

### ALAN R. DAVIS' OPPOSITION TO DEFENDANT'S MOTION TO UNSEAL PRE-SENTENCE INVESTIGATION REPORT

Defendant Alan R. Davis (United States v. Alan R. Davis, 04-464 (GK), by his attorney, Gary M. Sidell, hereby submits his opposition to the motion submitted by Robbie L. Colwell on August 2, 2007 to unseal Mr. Davis' pre-sentence investigation report ("PSI"). As grounds for his vigorous opposition, Mr. Davis states the following:

1.  Mr. Colwell seeks access to Mr. Davis' PSI on the sole proffered basis of ". . . properly research[ing] ***potential issues*** to be raised on [Mr. Colwell's] appeal. . . ." Emphasis added. Additionally, Mr. Colwell suggests that he may need to include Mr. Davis' PSI as part of an appendix to Mr. Colwell's brief in the D.C. Circuit Court of Appeals. See, Motion @ page 1, paragraph 2. Moreover, Mr. Colwell suggests absolutely no authority on which to gain not only access to, but the ability to infinitely disseminate through attachment to a brief available on-line, Mr. Davis' PSI.

2.      Mr. Colwell's motion fails not only to note, let alone establish, any particular reason why he should be entitled to access to Mr. Davis' PSI information and he further fails to note, or establish, any "special need" for his request.

3.      In permitting the subject of a PSI access to a copy of his own report, the Supreme Court affirmed both a trial and circuit court determination that such access was permissible, notwithstanding Department of Justice efforts to thwart access by an inmate to his own PSI while contending that this document was exempt from disclosure under provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(3, (5).  See, <u>United States Department of Justice, et al. v. Julian, et al.</u>, 486 U.S. 1, 7 (1988).  In <u>Julian</u>, two (2) inmates each sought access to ***their own*** PSI, but the Department of Justice refused to provide them with copies contending that this document was exempt from disclosure under the FOIA provisions noted above.  No third parties were involved in seeking access to either inmate's PSI.  However, in evaluating whether PSI's were exempt documents under FOIA, the Supreme Court did note that the Advisory Committee Notes to Federal Rule of Criminal Procedure 32(c)(3)(E) provided guidance in the limited scope of access to these reports by the requirement that PSI's must be returned to the District Court in order "to insure that [the reports] do not become available to unauthorized persons." 18 U.S.C. App., p. 627, 62 F.R.D. 271, 325 (1974); <u>Id.</u>, @ 10.  Indeed, the parties in <u>Julian</u> "agreed that in both civil and criminal cases the courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals.  <u>Id</u>. @ 12. (Emphasis in original).  The rationale for this limitation of access by third parties was grounded on two (2) considerations: (1) disclosure to third parties would have a chilling effect on the

willingness of individuals to provide information to these reports and (2) the "need to protect the confidentiality of the information contained in the report." Id., citations omitted.

4.  Federal Rule of Criminal Procedure 32 itself establishes that certain portions of a PSI are not even available for a defendant's own review, but may be summarized with those summaries provided to the subject of the report.  See, F.R.Cr.P. 32(d)(3)(A), (B) and (C).

5.  Similarly, 18 U.S.C. § 3552(d) limits those people expressly limits those people to whom a PSI may be disclosed to the defendant, his attorney and the attorney for the Government. Alternatively, a PSI is not a report which is generally available for public review.  Indeed, on every PSI, the following is imprinted on the first page: "Confidential Document-F.O.I.A. Exempt 3rd Party Disclosures Not Authorized."

6.  Hence, in order to obtain disclosure of a PSI, absent a defendant's consent to distribution,[1] it is necessary for a third party to establish a "special need" or provide a "compelling demonstration that disclosure of the report is required to meet the ends of justice." Id.  In this case, Mr. Colwell has failed to present any specific reason why he would be entitled to access to Mr. Davis's PSI other than simply fishing for something to use on his appeal.[2]  Mr. Davis submits that such an unspecific reason hardly qualifies as one establishing either a "special need" or which provides a "compelling demonstration that disclosure of the report is required to meet the ends of justice."  Indeed, Mr. Davis suggests that the "ends of justice" would preclude disclosure of his PSI to Mr. Colwell, or others, particularly given the information provided in that report by third parties and the "chilling effect" noted by the Supreme Court in Julian.

---

[1] Mr. Davis unequivocally opposes the release of his PSI beyond those to whom it has already been disclosed to date.
[2] Mr. Davis notes that Mr. Colwell entered a guilty plea rather than proceed to trial in his case.  Hence, Mr. Colwell appears left with his sole appellate issue that his sentence was an unreasonable one.  Mr. Davis submits that whether Mr. Colwell's sentence was reasonable is not dependent upon Mr. Davis's PSI and, hence, that document would be irrelevant to Mr. Colwell's appeal.  However, even if relevant, Mr. Davis submits that Mr. Colwell has failed to satisfy any justification for access to that report.

Based on the foregoing, Mr. Davis opposes the relief sought by Mr. Colwell for access to his PSI and urges this Honorable Court to deny his motion.

Respectfully submitted,

_____/s/_____
Gary M. Sidell
1776 K Street, NW
Suite 800
Washington, D.C. 20006
202-783-0060
D.C. Bar No. 961847
Suitcase@erols.com
Attorney for Alan R. Davis

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served by ECF a copy of this pleading this 20th day of August, 2007 to the parties to this proceeding.

Sherry Berthrong, Esq.
Assistant United States Attorney
sherry.berthrong@usdoj.gov

Allen H. Orenberg, Esq.
Aorenberg@orenberglaw.com

_____/s/_____
Gary M. Sidell

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :
                                                  :    MISC. No. 07-325-GK
V.                                      :    Criminal No. 04-543 (GK)
                                                  :
ROBBIE L. COLWELL                  :

ALAN R. DAVIS,
   Petitioner

ORDER

Based upon the motion of defendant Robbie L. Colwell to unseal the Pre-Sentence Investigation Report for Alan R. Davis, the opposition submitted by Alan R. Davis, and the entire record of this proceeding, it is this _____ day of _____, 2007, hereby

ORDERED, that the motion to unseal the Pre-Sentence Investigation Report for Alan R. Davis is DENIED, for the reasons included in Alan R. Davis's Opposition which are expressly adopted here.

                                                                       _____
                                                                       GLADYS KESSLER, Judge
                                                                       United States District Court for the District of
                                                                                        Columbia

Gary M. Sidell, Esq.
Attorney for Alan R. Davis
suitcase@erols.com

Sherry Berthrong, Esq.
Assistant United States Attorney
sherry.berthrong@usdoj.gov

Allen H. Orenberg, Esq.
Attorney for Robbie L. Colwell
Aorenberg@orenberglaw.com