IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Case Nos. 04-CR-0543-GK & |
| ) | Misc. 07-325-GK |
| ROBBIE L. COLWELL, ) | |
| Defendant. ) | |

### DEFENDANT ROBBIE L. COLWELL'S CONSOLIDATED REPLY TO UNITED STATES' AND DANIEL CROSBY'S AND ALAN R. DAVIS' OPPOSITION TO DEFENDANT'S MOTION TO UNSEAL PRE-SENTENCE INVESTIGATION REPORTS IN RELATED CASES

Defendant, Robbie L. Colwell, by and through his attorney Allen H. Orenberg, hereby respectfully files his consolidated reply to the United States' and Daniel Crosby's and Alan R. Davis' Opposition To Defendant's Motion To Unseal Pre-Sentence Investigation Reports In Related Cases: 04-CR-464-GK & Misc. 07-325-GK  (co-conspirator Alan Davis)("Davis"); 04-CR-487-GK(co-conspirator Marcus Wiseman); 04-CR-488-GK (co-conspirator Vicki Robinson); 04-CR-503-GK (co-conspirator Susan Conner); and 05-CR-377-RWR (co-conspirator Daniel Crosby) ("Crosby").

The government, Crosby and Davis oppose the motion on the basis, essentially, that Defendant Colwell fails to demonstrate a compelling, particularized need for disclosure of the related pre-sentence reports that neither

1

serves the interest of justice nor overcomes the confidential nature of the relevant pre-sentence reports. In reply, Defendant Colwell now details his compelling need for the information contained in the requested pre-sentence reports.

## I. THE LAW REGARDING DISCLOSURE OF PRESENTENCE INVESTIGATION REPORTS TO THIRD PARTIES

Defendant Colwell acknowledges that courts recognize a general presumption against disclosure of pre-sentence reports to third parties, *see Unites States v. Huckaby*, 43 F.3d 135, 138 (5th Cir. 1995); *United States v. Blanco*, 884 F.2d 1577, 1578 (3d Cir. 1989), and that courts "typically require[ ] some showing of special need before they will allow a third party to obtain a copy of a presentence report." *United States Department of Justice v. Julian*, 486 U.S. 1, 12 (1988) ("[I]n both civil and criminal cases the courts have been very reluctant to give *third parties* access to the pre-sentence investigation report prepared for some other individual or individuals," out of concern "that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report" and out of a "need to protect the confidentiality of the information contained in the report.").

At a bare minimum this "showing of special need" requires that a third party seeking disclosure of a pre-sentence report demonstrate that its need for

2

disclosure is in the "ends of justice." *See United States v. Blanco, supra,* 884 F.2d 1577, 1578 (3d Cir. 1989) (finding request for disclosure of pre-sentence reports failed to demonstrate "any specific showing of the need for disclosure in *the interest of justice.*"); *United States v. Schlette,* 842 F.2d 1574, 1581 (9th Cir. 1988) ("[A] third party who asks a court to disclose the report must make some threshold showing that disclosure will serve *the ends of justice.*"); *United States v. McKnight,* 771 F.2d 388, 390 (8th Cir. 1985) ("Generally, pre-sentence reports are considered as confidential reports to the court and are not considered public records, except to the extent that they or portions of them are placed on the court record or authorized for disclosure to serve *the interests of justice.*"); *United States v. Charmer,* 711 F.2d 1164, 1175 (2d Cir. 1983) ("[T]he district court should not authorize disclosure of a pre-sentence report to a third person in the absence of a compelling demonstration that disclosure of the report is required to meet *the ends of justice.*") (emphasis added).

Other circuit courts in more recent decisions have specified that "the ends of justice" standard requires that a third party demonstrate a compelling, particularized need for disclosure of a pre-sentence report. *See United States v. Molina,* 356 F.3d 269, 275 (2d Cir. 2004) ("[A] showing of compelling need must be made to obtain disclosure of the reports of non-witnesses."); *United States v. Gomez,* 323 F.3d 1305, 1308 (11th Cir. 2003) ("[W]e assume, for the sake of

argument, that a test as strict as the 'compelling need' test controls the release of [pre-sentence] information to third parties in this Circuit."); *Huckaby*, 43 F.3d at 138 ("[O]nly where a 'compelling, particularized need for disclosure is shown should the district court disclose the [pre-sentence] report.'") (quoting) (*United States v. Corbitt*, 879 F.2d 224, 239 (7th Cir. 1989)).

Although it has not articulated a standard for review of a pre-sentence report disclosure to a third party, the United States Court of Appeals for the District of Columbia Circuit has addressed the status of a pre-sentence report in relation to disclosures to the subjects of the report under the Freedom of Information Act. See *Durns v. Bureau of Prisons*, 804 F.2d 701, 704 ("[W]e conclude that pre-sentence reports are inter-agency or intra-agency memorandums...," and "[a]n impressive body of doctrine recognizes the privileged nature of pre-sentence reports.") (internal quotations omitted). And the United States District Court for the District of Columbia has allowed disclosure of "relevant portions of presentence investigation reports" to a defendant. *United States v. Ramirez*, 54 F. Supp.2d 25, 34 (D.C. 1999) (concerning defendants' motions to compel disclosure of exculpatory information, specifically the existence and substance of all promises of immunity to trial witnesses).

4

## II. ROBBIE L. COLWELL'S NEED FOR DISCLOSURE OF THE REQUESTED PRESENTENCE INVESTIGATION REPORTS

As Defendant Colwell states in his Motion to Unseal, he seeks disclosure of the pre-sentence reports of his sentenced co-conspirators in order to fully and properly research issues to be raised in his appeal.[1]

On appeal, Defendant Colwell intends to raise the issue of whether the 46 month sentence imposed on him was an abuse of judicial discretion and/or unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005), and the sentencing considerations set forth in 18 U.S.C. § 3553(a), specifically § 3553(a)(6) — "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

The particular issue Defendant Colwell seeks to research in preparation for his appeal argument is a comparison of the sentencing factors used to determine his sentence with the sentencing factors used to determine the sentences of his co-conspirators. For example, without a review of the pre-sentence reports, Defendant Colwell lacks knowledge as to the factors utilized when computing the final adjusted offense level for each co-conspirator. While some co-conspirators' sentencing factors can be gleaned from the sentencing memoranda and judgment order filed in each co-conspirator's case, the particular

---

[1] Robbie L. Colwell has appealed the sentence imposed by the District Court on January 8, 2007. Undersigned counsel, Allen H. Orenberg, is appointed by the United States Court of Appeals for the District of Columbia Circuit to represent the defendant/appellant in his appeal. (Appeal No. 07-3009).

5

(and individual) circumstances and computations are not readily available. Moreover, for co-conspirators Davis and Crosby[2], examination of the available records fail to reveal any indica as to the computed base offense level or criminal history category.

As Defendant Colwell is unable to discover this necessary information in the records, the remaining means of discovery for this material is the co-conspirators pre-sentence reports. *See Molina*, 356 F.3d at 275 ("Further, key to the showing of a third person seeking disclosure is whether the information in the presentence report is obtainable from other sources.") (citing *Charmer*, 711 F.2d at 1177).

Specifically, Defendant Colwell seeks to research the following sections of the five co-conspirators' pre-sentence reports:

1. The Offense section and all subsections with particular interest as to:

---

2   Crosby (05-CR-377-RWR) adopts the governments opposition and also argues that because he had a sentencing judge (The Honorable Richard W. Roberts) different from Defendant Colwell and the other relevant co-conspirators (The Honorable Gladys Kessler), Defendant Colwell must seek leave for disclosure of Crosby's pre-sentence report from Judge Roberts as opposed to petitioning Judge Kessler. All requested pre-sentence reports concern the same criminal enterprise and same interaction among each of the co-conspirators in the same (D.C.) jurisdiction. Since the pre-sentence reports are prepared for use in the same District Court, it is respectfully suggested that Judge Kessler has more than sufficient familiarity and jurisdiction to discern and rule on the request for disclosure of Crosby's pre-sentence report.

  a. Charges and Convictions;

  b. The Offense Conduct;

  c. Victim Impact;

  d. Adjustment for Obstruction of Justice;

  e. Adjustment for Acceptance of Responsibility;

  f. Offense Level Computation.

2. Defendant's Criminal History section, only in so far as it identifies the factors utilized in the criminal history computation.

3. Offender Characteristics section, with particular interest as to:

  a. Educational and Vocational Skills;

  b. Employment Record.

4. Sentencing Options section and all subsections.

5. Factors That May Warrant Departure section.

Review of this information is vital to Defendant Colwell's argument on appeal that the factors considered at his sentencing hearing are similar to those considered at the sentencing hearings of his co-conspirators. Information as to each the co-conspirator's role in the offense, base offense level computations, criminal history category, education and employment history[3], sentencing options

---

[3] At Defendant Colwell's sentencing, the Court placed particular emphasis on the Defendant's education and employment history as an appraiser. Defendant Colwell seeks to compare the education and employment history of his co-conspirators with his own, and such information is not apparent in the public record.

7

presented to the Court, and factors warranting departure. Review of the requested co-conspirator pre-sentence reports will significantly supplement the facts Defendant Colwell has only been able to surmise from the filed sentencing memoranda and judgment orders. *See Blanco*, 884 F.2d at 1577–78 (3d Cir. 1989) (A motion must "advance [ ] reason why information in [the presentence] reports would add significantly to what [defendant] already knew with respect to factors legitimately bearing on his sentence."). This request for disclosure is not, as the government alleges, a fishing expedition; it is a particularized request for information necessary to prepare Defendant Colwell's argument on appeal. *See Trevino*, 89 F.3d at 192 (noting the imposition of the "compelling, particularized need" requirement serves to curtail "fishing expeditions").

Defendant Colwell's need for the information in the pre-sentence reports is also compelling because such information would provide a basis for discerning how the Court arrived at the co-conspirators sentences. The pre-sentence report's primary function is in assisting the district court in determining an appropriate sentence. *See Molina*, 356 F.3d at 274; *Schlette*, 842 F.2d at 1578; *see also Huckaby*, 43 F.3d at 138 ("[T]he court depends heavily upon the [pre-sentence report] to fulfill the mandate of the Sentencing Guidelines and impose a just sentence."). Indeed, "[w]hile the [pre-sentence] reports themselves have historically been treated as confidential, . . . the sentencing hearings in which

8

their contents may be disclosed are not." *Huckaby*, 43 F.3d at 138. Accordingly, factors the Court gathers from the pre-sentence report and then relies on in sentencing should not be regarded as confidential. Defendant Colwell merely seeks to discover what factors influenced the Court's decision in sentencing his co-conspirators, so that he may research his argument that his own sentencing factors are comparable to these co-conspirators.

In summation, courts require a third party requesting disclosure of a pre-sentence report to demonstrate such disclosure is in the interest of justice by stating a compelling, particularized need that would overcome the presumption against disclosing pre-sentence reports. *See Molina*, 356 F.3d at 273–75. A party requiring access to a pre-sentence report in order to "establish an affirmative proposition" will ordinarily meet this requirement. *Corbitt*, 879 F.2d at 238–39. Defendant Colwell on appeal will raise the issue of whether the 46 month sentence imposed on him was an abuse of judicial discretion and/or unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005), and the sentencing considerations set forth in 18 U.S.C. § 3553(a), specifically § 3553(a)(6) — "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." In furtherance of his appeal issue, Defendant Colwell seeks to establish that the factors the Court relied on during his sentencing are comparable to the factors

the Court relied on during the sentencing of his co-conspirators. In order to thoroughly research and pursue his appeal, defendant Colwell requires disclosure of his co-conspirators pre-sentences reports. He particularly requires information as to his co-conspirators base offense level calculations, criminal history category, offense conduct, education and employment history, sentencing recommendations, and any factors warranting departure.

Accordingly, Defendant Colwell respectfully asks the Court to grant disclosure of these related pre-sentence reports. It is further suggested that in the alternative, instead of granting Defendant Colwell direct access to the entirety of the requested pre-sentence reports, the Court may hold an *in camera* review [4] of the related pre-sentence reports in order to redact from his view any confidential information irrelevant to Defendant's sentencing appeal. *See Molina*, 356 F.3d at 274 ("With respect to third party disclosures, we have approved a procedure by which the sentencing court examines requested presentence reports *in camera* for exculpatory or impeachment material that might aid the defendant requesting it. The court then determines if the policy of confidentiality is outweighed by a compelling need for disclosure to meet the ends of justice.").

---

4    If an *in camera* review is preferred, it is then respectfully suggested that an independent judicial member of this Court conduct the review, rather than by the sentencing judges (Honorable G. Kessler & R.W. Roberts).

## CONCLUSION

Based on the foregoing reasons, and for such other reasons that may appear just and proper, Defendant Colwell's Motion to Un-Seal Pre-Sentence Investigation Reports In Related Case should be granted.

Respectfully submitted,

*/s/ Allen H. Orenberg*

Allen H. Orenberg  (D.C. Bar 395519)
The Orenberg Law Firm, P.C.
11200 Rockville Pike, Suite 300
North Bethesda, MD 20852
Tel. No. 301-984-8005
Fax No. 301-468-0215
aorenberg@orenberglaw.com

Counsel for Robbie L. Colwell

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August, 2007, a copy of the foregoing Defendant's Consolidated Reply To The United States' And Daniel Crosby's And Alan R. Davis' Opposition To The Motion To Unseal Pre-Sentence Investigation Reports In Related Cases was served by the Court's ECF system or by postage pre-paid first class mail to:

11

AUSA Sherri L. Berthong
United States Attorney's Office
Special Proceedings Division
555 Fourth Street, N.W., Room 10-450
Washington, D.C. 20530

Gary M. Sidell, Esq.
1776 K Street, NW., Suite 800
Washington, D.C. 20006
Attorney for Alan R. Davis     (04-464-GK & Misc. 07-325-GK)

Peter R. Maignan, Esq.
5000 Sunnyside Avenue, Suite 201
Beltsville, Maryland 20705
Attorney for Marcus T. Wiseman (04-487-GK)

Steven C. Tabackman, Esq.
1747 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20006
Attorney for Vickie A. Robinson (04-488-GK)

William C. Brennan, Esq.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
Attorney for Susan M. Connor (04-503-GK)

Curtis Boykin, Esq.
1850 M Street, N.W., Suite 640
Washington, D.C. 20036
Attorney for Daniel T. Crosby (05-377-RWR)

_/s/ Allen H. Orenberg_
Allen H. Orenberg