UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 04-543 (GK) |
| | : | Misc. No. 07-325 (GK) |
| ROBBIE L. COLWELL | : | |

ALAN R. DAVIS' RESPONSE TO ROBBIE COLWELL'S CONSOLIDATED REPLY TO OPPOSITION TO MOTION TO UNSEAL PRE-SENTENCE INVESTIGATION REPORT

Defendant Alan R. Davis (United States v. Alan R. Davis, 04-464 (GK), by his attorney, Gary M. Sidell, hereby submits his response to defendant Robbie Colwell's consolidated reply to the parties' opposition to the motion by Robbie L. Colwell ("Reply")(Docket #3) to unseal Mr. Davis' pre-sentence investigation report ("PSI").  As grounds for his response, Mr. Davis states the following:

1.     Mr. Colwell's Reply, in essence, contends that he is entitled to access to a variety of pre-sentence investigation reports for many co-defendants in order to ". . . discover what factors influenced the Court's decision in sentencing [defendant Colwell's] co-conspirators, so that he may research his argument that his own sentencing factors are comparable to these co-conspirators."  See, Reply @ 9.  Moreover, he proffers that he "particularly requires information as to his co-conspirators (sic) base offense level calculations, criminal history category, offense conduct, education and employment history, sentencing recommendations, and any factors warranting departure."  See, Reply @ 10.  Finally, defendant Colwell seeks to have ". . . an

independent judicial member of this Court conduct the [PSI] review, rather than by the sentencing judges (Honorable G. Kessler & R. W. Roberts)." Reply @ 10, fn 4.

2. Defendant Colwell adopts the legal standard enunciated in Mr. Davis' Opposition that a "showing of special need" is required before a pre-sentence investigation report may be disclosed to a third party. United States Department of Justice v. Julian, 486 U.S. 1, 12 (1988).

3. Rather than disclose the privileged PSI reports for the several co-defendants involved in this case, Mr. Davis suggests that the solution to defendant Colwell's research dilemma is to, simply, obtain the publicly transcripts from the various sentencing proceedings for each co-defendant. Reviewing those transcripts should provide answers to all of defendant Colwell's concerns since most, if not all judges on this Court, and certainly this Honorable Court expressly spell out the various bases of any sentence imposed immediately before its pronouncement. Indeed, the information relied upon and discussed in the course of a sentencing proceeding is the basis for any announced sentence. Therefore, a publicly available sentencing hearing transcript for each co-defendant will fully enable defendant Colwell to make whatever comparisons with his own sentence he may choose, while protecting the privileged information contained in the pre-sentence investigation reports. As a result, Mr. Davis urges this Honorable Court to deny defendant Colwell's motion to access to his pre-sentence investigation report since no showing of any "special need" has been made in light of the equivalent information which is readily available by public transcript.

        Respectfully submitted,

        _____/s/_____
        Gary M. Sidell
        1776 K Street, NW
        Suite 800

                    Washington, D.C. 20006
                    202-783-0060
                    D.C. Bar No. 961847
                    Suitcase@erols.com
                    Attorney for Alan R. Davis

## CERTIFICATE OF SERVICE

      I hereby certify that I have caused to be served by ECF a copy of this pleading this 23rd day of August, 2007 to the parties to this proceeding.

                    _____/s/_____
                    Gary M. Sidell